## COMMONWEALTH *vs.* HENRY McNAMARA.

Essex.   November 4. — 5, 1874.   AMES & DEVENS, JJ., absent.

A complaint alleging that on a day named the defendant "was guilty of the crime of drunkenness by the voluntary use of intoxicating liquor," sufficiently charges an offence under the Gen. Sts. c. 165, § 25.

COMPLAINT to the Police Court of Haverhill on the Gen. Sts. c. 165, § 25, alleging " that Henry McNamara of Haverhill aforesaid, on the ninth day of February, in the year of our Lord eighteen hundred and seventy-four, at Haverhill aforesaid, with force and arms was guilty of the crime of drunkenness, by the voluntary use of intoxicating liquor, against the peace of the said Commonwealth and contrary to the form of the statute in such case made and provided."  Before plea and trial in the Police Court, the defendant filed a motion to quash the complaint, on the ground that no crime known to the laws of this Commonwealth was charged therein ; but this motion was overruled ; and before plea and the empanelling of the jury in the Superior Court, the defendant renewed his motion, which was overruled by *Rockwell*, J.  The defendant, being found guilty, alleged exceptions.

*B. F. Brickett*, for the defendant.  No crime known to the laws of this Commonwealth is set out and charged against the defendant.  To say that a person was guilty of a crime on a certain day cannot be construed to mean that a person committed the crime on that day.  The phrase " was guilty " of a crime on a certain day contemplates that the crime might have been committed twenty years before.  It only denotes the moral position

in which the defendant stood on the day mentioned in the complaint. The allegation should have been " was drunk," thereby charging the crime intended to be charged, in positive terms. An indictment must state the crime intended to be charged with such precision and certainty as may enable the defendant to determine the species of offence, that he may prepare his defence accordingly, be able to plead conviction or acquittal, and that there may be no doubt as to the judgment which should be given, if he is convicted.

*C. R. Train,* Attorney General, for the Commonwealth.

GRAY, C. J. In *Commonwealth* v. *Miller,* 8 Gray, 484, it was held that this form of complaint, though not to be commended, was legally sufficient. That case must govern this.

*Exceptions overruled.*